UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MYRA RANGEL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DELA CRUZ, Warden,<br><br>　　　　Respondent. | No. 2:23-cv-03754-DSF-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On May 15, 2023, the Court received from Myra Rangel ("Petitioner"), a state prisoner at Central California Women's Facility in Chowchilla, California, proceeding pro se, a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Dkt. 1 ("Petition" or "Pet."). Petitioner also submitted a declaration in support of an application to proceed in forma pauperis. Dkt. 2 ("IFP Request").

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition and orders Petitioner to respond as set forth further below.

1

## II.
## PETITIONER'S CLAIMS

(1) Petitioner's Fourteenth Amendment due process rights were violated when the Court failed to provide relief for her Senate Bill 775 Petition. Pet. at 6 (CM/ECF pagination).

(2) Senate Bill 775 applies retroactively to Petitioner's attempted murder case as well as the conspiracy to commit murder. Pet. at 9.

(3) Review is necessary on whether a trial court must issue an order to show cause where a jury is instructed on the natural and probable consequences doctrine as a theory of liability for attempted murder and the jury convicts on first degree attempted murder. Pet. at 11.

## III.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. This Petition appears subject to dismissal because Petitioner has not asserted any cognizable claims.

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody only on the ground that she is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting McGuire, 502 U.S. at 67-68). Matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. See

1 | Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does
2 | not lie for errors of state law"); Sturm v. Cal. Adult Auth., 395 F.2d 446, 448
3 | (9th Cir. 1967) (per curiam) ("a state court's interpretation of its statute does
4 | not raise a federal question"); Moore v. Chrones, 687 F. Supp. 2d 1005, 1040
5 | (C.D. Cal. 2010) ("A challenge to a state court's application of state sentencing
6 | laws does not create a federal question cognizable in federal habeas review.").

7 |     Petitioner seeks federal habeas relief on the ground that she is entitled to
8 | resentencing under Cal. Penal Code § 1172.6 (previously numbered as Cal.
9 | Penal Code § 1170.95) pursuant to Senate Bill Nos. 775 and 1437. Pet. at 6-15.
10 | However, federal district courts have repeatedly held that "a state court's
11 | allegedly erroneous denial of resentencing" under Cal. Penal Code § 1172.6
12 | "does not raise an issue cognizable on federal habeas review." Walker v.
13 | California Supreme Ct., 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022),
14 | report and recommendation adopted by 2022 WL 11269388 (C.D. Cal. Oct.
15 | 13, 2022); McCavitt v. Covello, 2022 WL 17813204, at *2 (E.D. Cal. Dec. 12,
16 | 2022), adopted by 2023 WL 2602019 (E.D. Cal. Mar. 22, 2023); Carter v.
17 | Montgomery, 2021 WL 2044499, at *11 (C.D. Cal. Apr. 12, 2021) ("[A]ny
18 | claim of an entitlement to resentencing [under Senate Bill 1437] is strictly a
19 | matter of state law to which this Court must defer") adopted by 2021 WL
20 | 2042723 (C.D. Cal. May 13, 2021); see also Bradshaw v. Richey, 546 U.S. 74,
21 | 76 (2006) (per curiam) ("[A] state court's interpretation of state law . . . binds a
22 | federal court sitting in habeas corpus.").

23 |     A state court's misapplication of state law may rise to the level of a due
24 | process in certain limited circumstances. Richmond v. Lewis, 506 U.S. 40, 50
25 | (1992). But Petitioner cannot "transform a state-law issue into a federal one
26 | merely by asserting a violation of due process." See Langford v. Day, 110 F.3d
27 | 1380, 1389 (9th Cir. 1997) (as modified); see also Cole v. Sullivan, 480 F.
28 | Supp. 3d 1089, 1097 (C.D. Cal. 2020) (finding that petitioner failed to raise a

3

"due process" claim by alleging erroneous application of state sentencing law to find petitioner ineligible to be resentenced under Section 1170.95).

Here, the Petition vaguely references the Due Process Clause but Petitioner's allegations do not facially reflect the real possibility of federal constitutional error. Pet. at 6. Petitioner's cursory reference to the Fourteenth Amendment is insufficient to transform a state-law issue into a federal one. See Langford, 110 F.3d at 1389. Thus, Petitioner has failed to allege claims that are cognizable on federal habeas review.

## IV.
## ORDER

For the foregoing reason, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reason stated above.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that she seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that she exhausted his state remedies, she should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

Petitioner is cautioned that a failure to respond timely in compliance

with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: May 30, 2023

_____
JOHN D. EARLY
United States Magistrate Judge